UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

YESSUH SUHYES HUSSEY,

                Plaintiff,

        -against-

NEW YORK CITY HEALTH AND HOSPITAL
CORPORATION; CHIEF EXECUTIVE
OFFICER GREGORY CALLISTE OF
NYCHHC; PRESIDENT & CHIEF
EXECUTIVE DOCTOR MITCHELL KATZ OF
NYCHHC,

                Defendants.

23-CV-4380 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is currently detained in the Otis Bantum Correctional Center on Rikers Island, brings this action under 42 U.S.C. § 1983.[1] Named as Defendants are the New York City Health + Hospitals Corporation ("H+H"); H+H Chief Executive Officer Gregory Calliste; and H+H President and Chief Executive Doctor Mitchell Katz. Plaintiff originally filed this action in the United States District Court for the Eastern District of New York. *See Hussey v. New York City Health & Hosp. Corp.*, No. 23-CV-2185 (PKC) (LB) (E.D.N.Y. May 16, 2023). This case is one of 60 cases Plaintiff filed in the Eastern District in recent months, including 43 cases filed on the same day. On May 16, 2023, the Eastern District transferred this action to this court. (ECF 5.) By order dated August 17, 2023, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[2] For the reasons set forth below, the Court

---

[1] Plaintiff was detained in the Anna M. Kross Center on Rikers Island at the time he filed this action.

[2] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1). Plaintiff did not submit a prisoner authorization with the complaint. By order dated May 31, 2023, the Court directed

dismisses the complaint, but grants Plaintiff 60 days' leave to replead his claims in an amended complaint.

## STANDARD OF REVIEW

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially

---

Plaintiff to either pay the $402.00 in fees or submit a prisoner authorization. (ECF 7.) The Court received Plaintiff's prisoner authorization on July 18, 2023.

plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff does not state when or where the events giving rise to his claims occurred. He alleges,

> I Yessuh Suhyes Hussey also feel as if blood is excessively being withdrawn from my veins, and forcefully without my consent with NYCHHC, where I've been involuntarily, ranging from several venue's. I hereby make it clear that I do not consent to a blood test or the withdrawal of my blood in the state of New York.

(ECF 1, at 2.)[3]

Plaintiff describes his injuries as, "Decrease in physical strength, mental cruelty from the excessive withdrawals. Short of breatheness or problem breathing. Decrease in nutrients and organic substances." (*Id.*)

As relief, Plaintiff seeks, "the permanent stop of the withdrawal's of my own blood, I refuse to be blood tested or placed under a microscope by a physician, nurse or doctor or a lab of the state of New York!." (*Id.*) He also seeks "the net value of $100,000.00 . . . per vile of my own DNA." (*Id.*)

---

[3] Plaintiff writes using irregular capitalization. For readability, the Court uses standard capitalization when quoting from the complaint. All other grammar, spelling, and punctuation are as in the original unless otherwise indicated.

**DISCUSSION**

**A.      Rule 8 of the Federal Rules of Civil Procedure**

Plaintiff's complaint does not satisfy Rule 8's requirement that it provide enough factual detail to suggest a plausible claim. Plaintiff does not allege the date or dates on which his claims arose or the H+H facility or facilities where the alleged events occurred.[4] Nor does he provide any factual context for his claims that someone at H+H is excessively drawing his blood without his consent. For example, he does not allege facts explaining why he was at a H+H facility, why individuals at H+H were drawing his blood, or whether he was in custody of the New York City Department of Correction at the time of these events.[5]

The Court grants Plaintiff 60 days' leave to replead his claims in an amended complaint alleging additional facts in support of his claims.

**B.      Personal involvement of Katz and Calliste**

Plaintiff attempts to assert claims under 42 U.S.C. § 1983. To state a claim under Section 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988).

To state a claim under Section 1983, a plaintiff must also allege facts showing the defendants' direct and personal involvement in the alleged constitutional deprivation. *See Spavone v. N.Y. State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) ("It is well settled in

---

[4] H+H operates more than 40 facilities throughout New York City. *See* https://www.nychealthandhospitals.org/locations/ (last visited Aug. 17, 2023).

[5] To the extent Plaintiff is attempting to assert constitutional claims under 42 U.S.C. § 1983 that Defendants were deliberately indifferent to his medical needs in violation of the Eighth or Fourteenth Amendments, he must have been in custody at the time of the events giving rise to his claims. *See Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976); *Darnell v. Pineiro*, 849 F.3d 17, 30 (2d Cir. 2017).

4

this Circuit that personal involvement of defendants in the alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." (internal quotation marks omitted)). A defendant may not be held liable under Section 1983 solely because that defendant employs or supervises a person who violated the plaintiff's rights. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior."). Rather, "[t]o hold a state official liable under Section 1983, a plaintiff must plead and prove the elements of the underlying constitutional violation directly against the official . . . ." *Tangreti v. Bachmann*, 983 F.3d 609, 620 (2d Cir. 2020).

Plaintiff does not allege any facts showing how Defendants Katz and Calliste were personally involved in the events underlying his claims. Plaintiff's Section 1983 claims against these defendants are therefore dismissed for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

If Plaintiff can provide facts showing that these defendants were personally and directly involved in the violation of his rights, he may name them as defendants in the amended complaint and allege any facts demonstrating their personal involvement.

## C.    Claims against H+H

H+H is a public benefit corporation that is created by state law and may be sued. *See* N.Y. Unconsol. Laws §§ 7384(1), 7385(1). When a plaintiff sues H+H under Section 1983, it is not enough for the plaintiff to allege that H+H's employees or agents engaged in some wrongdoing. The plaintiff must show that H+H itself caused the violation of the plaintiff's rights. *See Connick v. Thompson*, 563 U.S. 51, 60 (2011). In other words, to state a claim against H+H under Section 1983, the plaintiff must allege facts showing (1) the existence of an H+H policy, custom, or practice, and (2) that the policy, custom, or practice caused the violation of the plaintiff's

constitutional rights. *Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *Rookard v. Health & Hosp. Corp.*, 710 F.2d 41, 45 (2d Cir. 1983) (applying standard for Section 1983 municipal liability to H+H).

Plaintiff's allegations do not suggest that H+H has a policy, custom, or practice that caused a violation of his federal constitutional rights. Furthermore, because Plaintiff has failed to allege an underlying constitutional violation, it follows that he does not state a Section 1983 claim for municipal liability against H+H. *See Segal v. City of New York*, 459 F.3d 207, 219 (2d Cir. 2006) ("Because the district court properly found no underlying constitutional violation, its decision not to address the municipal defendants' liability under [Section 1983] was entirely correct."). The Court therefore dismisses Plaintiff's claims under Section 1983 against H+H for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

If Plaintiff can provide facts showing that H+H has a policy, custom, or practice that violated his federal constitutional rights, he may allege such facts in an amended complaint.

**D.      Claims under state law**

A district court may decline to exercise supplemental jurisdiction over state law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988). Having dismissed the federal claims of which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction of any state law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which

district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

**E.     Leave to amend**

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Although it is unclear whether Plaintiff can state a viable Section 1983 claim, in light of his *pro se* status, the Court grants him 60 days' leave to replead his claims in an amended complaint.

Plaintiff must name as the defendant(s) in the caption[6] and in the statement of claim those individuals who were allegedly involved in the deprivation of his federal rights. If Plaintiff does not know the name of a defendant, he may refer to that individual as "John Doe" or "Jane Doe" in both the caption and the body of the amended complaint.[7] The naming of John Doe defendants, however, does *not* toll the three-year statute of limitations period governing this action and Plaintiff shall be responsible for ascertaining the true identity of any "John Doe"

---

[6] The caption is located on the front page of the complaint. Each individual defendant must be named in the caption. Plaintiff may attach additional pages if there is not enough space to list all of the defendants in the caption. If Plaintiff needs to attach an additional page to list all defendants, he should write "see attached list" on the first page of the Amended Complaint. Any defendants named in the caption must also be discussed in Plaintiff's statement of claim.

[7] For example, a defendant may be identified as: "Correction Officer John Doe #1 on duty August 31, 2010, at Sullivan Correctional Facility, during the 7-3 p.m. shift."

defendants and amending his complaint to include the identity of any "John Doe" defendants before the statute of limitations period expires. Should Plaintiff seek to add a new claim or party after the statute of limitations period has expired, he must meet the requirements of Rule 15(c) of the Federal Rules of Civil Procedure.

In the "Statement of Claim" section of the amended complaint form, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant. If Plaintiff has an address for any named defendant, Plaintiff must provide it. Plaintiff should include all of the information in the amended complaint that Plaintiff wants the Court to consider in deciding whether the amended complaint states a claim for relief. That information should include:

a) the names and titles of all relevant people;

b) a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

c) a description of the injuries Plaintiff suffered; and

d) the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated his federally protected rights and how; when and where such violations occurred; and why Plaintiff is entitled to relief.

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.

Plaintiff may consult the legal clinic in this District that assists people who are parties in civil cases and do not have lawyers. The Clinic is run by a private organization called the New

York Legal Assistance Group ("NYLAG"); it is not part of, or run by, the court (and, among other things, therefore cannot accept filings on behalf of the court, which must still be made by any *pro se* party through the Pro Se Intake Unit).

To receive limited-scope assistance from the Clinic, Plaintiff may mail a signed retainer and intake form to the NYLAG Pro Se Clinic at 40 Foley Square, LL22, NY, NY 10007. Once the paperwork is received, the Clinic will coordinate contact with the litigant. Once the paperwork is received, it may take up to two weeks for the Clinic to contact the litigant. Copies of the Clinic's flyer, retainer, and intake form are attached to this order.

**CONCLUSION**

The Court dismisses the complaint for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court grants Plaintiff 60 days' leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within 60 days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 23-CV-4380 (LTS). An Amended Civil Rights Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the Court will direct the Clerk of Court to enter judgment consistent with this order.

Copies of the NYLAG Clinic's flyer, retainer, and intake form are attached to this order.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   August 28, 2023
         New York, New York

                                             /s/ Laura Taylor Swain
                                          LAURA TAYLOR SWAIN
                                       Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____
_____
_____
_____

*(In the space above enter the full name(s) of the plaintiff(s).)*

                                                    **AMENDED**
                                                    **COMPLAINT**

                    -against-                       under the Civil Rights Act,
                                                    42 U.S.C. § 1983

_____
_____
_____         Jury Trial:  ☐ Yes    ☐ No
_____                      (check one)
_____
_____         ___ Civ. _____ (   )
_____
_____

*(In the space above enter the full name(s) of the defendant(s).  If you
cannot fit the names of all of the defendants in the space provided,
please write "see attached" in the space above and attach an
additional sheet of paper with the full list of names.  The names
listed in the above caption must be identical to those contained in
Part I.  Addresses should not be included here.)*

**I.      Parties in this complaint:**

A.      List your name, identification number, and the name and address of your current place of
        confinement.  Do the same for any additional plaintiffs named.  Attach additional sheets of paper
        as necessary.

Plaintiff's        Name_____
                   ID#_____
                   Current Institution_____
                   Address_____
                   _____

B.      List all defendants' names, positions, places of employment, and the address where each defendant
        may be served.  Make sure that the defendant(s) listed below are identical to those contained in the
        above caption.  Attach additional sheets of paper as necessary.

Defendant  No. 1     Name _____ Shield #_____
                     Where Currently Employed _____
                     Address _____
                     _____

*Rev. 01/2010*                                1

Defendant  No. 2    Name _____ Shield #_____

Where Currently Employed _____

Address _____

_____


Defendant  No. 3    Name _____ Shield #_____

Where Currently Employed _____

Address _____

_____

<div style="border:1px solid black; display:inline-block; padding:4px;"><strong>Who did what?</strong></div>

Defendant  No. 4    Name _____ Shield #_____

Where Currently Employed _____

Address _____

_____


Defendant  No. 5    Name _____ Shield #_____

Where Currently Employed _____

Address _____

_____


## II.  Statement of Claim:

State as briefly as possible the <u>facts</u> of your case.   Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite any cases or statutes.  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.  Attach additional sheets of paper as necessary.


A.    In what institution did the events giving rise to your claim(s) occur?

_____

_____


B.    Where in the institution did the events giving rise to your claim(s) occur?

_____


C.    What date and approximate time did the events giving rise to your claim(s) occur?

_____

_____

_____


<div style="border:1px solid black; display:inline-block; padding:4px;"><strong>What happened to you?</strong></div>

D.    Facts:_____

_____

_____

_____

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

**Was anyone else involved?**

_____
_____
_____
_____
_____

**Who else saw what happened?**

### III.    Injuries:

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received.

_____
_____
_____
_____
_____
_____
_____
_____
_____

### IV.    Exhaustion of Administrative Remedies:

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."   Administrative remedies are also known as grievance procedures.

A.    Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

Yes _____    No _____

If YES, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

_____
_____
_____

B.      Does the jail, prison or other correctional facility where your claim(s) arose have a grievance procedure?

        Yes _____     No _____     Do Not Know _____

C.      Does the grievance procedure at the jail, prison or other correctional facility where your claim(s) arose cover some or all of your claim(s)?

        Yes _____     No _____     Do Not Know _____

        If YES, which claim(s)?
        _____

D.      Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose?

        Yes _____     No _____

        If NO, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

        Yes _____     No _____

E.      If you did file a grievance, about the events described in this complaint, where did you file the grievance?
        _____

        1.      Which claim(s) in this complaint did you grieve?
         _____

        _____

        2.      What was the result, if any?
         _____

        _____

        3.      What steps, if any, did you take to appeal that decision?  Describe all efforts to appeal to the highest level of the grievance process.
        _____
        _____
        _____
        _____

F.      If you did not file a grievance:

        1.      If there are any reasons why you did not file a grievance, state them here:
                _____
                _____
                _____

_____
_____
_____

2. If you did not file a grievance but informed any officials of your claim, state who you
informed, when and how, and their response, if any:

_____
_____
_____
_____
_____
_____

G. Please set forth any additional information that is relevant to the exhaustion of your administrative
remedies.

_____
_____
_____
_____
_____
_____
_____
_____

Note: You may attach as exhibits to this complaint any documents related to the exhaustion of your
administrative remedies.

## V.    Relief:

State what you want the Court to do for you (including the amount of monetary compensation, if any, that
you are seeking and the basis for such amount). _____

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

_____

_____

_____

**VI.     Previous lawsuits:**

<div style="float:left; border:1px solid black">**On these claims**</div>

A.      Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

        Yes _____   No _____

B.      If your answer to A is YES, describe each lawsuit by answering questions 1 through 7 below.  (If there is more than one lawsuit, describe the additional lawsuits on another sheet of paper, using the same format.)

      1.      Parties to the previous lawsuit:

      Plaintiff _____

      Defendants _____

      2. Court (if federal court, name the district; if state court, name the county) _____

      _____

      3.      Docket or Index number _____

      4.      Name of Judge assigned to your case_____

      5.      Approximate date of filing lawsuit _____

      6.      Is the case still pending?  Yes _____   No _____

      If NO, give the approximate date of disposition_____

      7.      What was the result of the case? (For example:  Was the case dismissed?  Was there judgment in your favor?  Was the case appealed?) _____

      _____

      _____

<div style="float:left; border:1px solid black">**On other claims**</div>

C.      Have you filed other lawsuits in state or federal court otherwise relating to your imprisonment?

        Yes _____   No _____

D.      If your answer to C is YES, describe each lawsuit by answering questions 1 through 7 below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same format.)

      1.      Parties to the previous lawsuit:

      Plaintiff _____

      Defendants _____

      2.      Court (if federal court, name the district; if state court, name the county) _____

      _____

      3.      Docket or Index number _____

      4.      Name of Judge assigned to your case_____

      5.      Approximate date of filing lawsuit _____

6.      Is the case still pending?  Yes _____   No _____

If NO, give the approximate date of disposition_____

7.      What was the result of the case? (For example:  Was the case dismissed?  Was there judgment in your favor?  Was the case appealed?) _____
_____
_____


**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this ____ day of _____, 20__.

                  Signature of Plaintiff    _____

                  Inmate Number            _____

                  Institution Address       _____

                                   _____

                                   _____

                                   _____


<u>Note</u>:   All plaintiffs named in the caption of the complaint must date and sign the complaint and provide their inmate numbers and addresses.

I declare under penalty of perjury that on this _____ day of _____, 20__, I am delivering this complaint to prison authorities to be mailed to the *Pro Se* Office of the United States District Court for the Southern District of New York.

                  Signature of Plaintiff:   _____



Since 1990, NYLAG has provided free civil legal services to New Yorkers who cannot afford private attorneys.

# Free Legal Assistance for Self-Represented Incarcerated Civil Litigants in Federal District Court

The NYLAG Legal Clinic for Pro Se Litigants in the Southern District of New York is a free legal clinic staffed by attorneys, law students, and paralegals to assist those who are representing themselves or planning to represent themselves, including incarcerated litigants, in civil lawsuits in the Southern District of New York federal court, excluding habeas cases. The clinic is not part of or run by the court.

Even if a litigant has consulted with Clinic staff, unless they retain other counsel and that counsel enters a notice of appearance, they remain unrepresented; are responsible for doing whatever is necessary in connection with the case; and must still submit all court papers to the Pro Se Intake Unit, located in Room 105 of the Daniel Patrick Moynihan Courthouse, 40 Foley Square, New York, New York, or by following the court's instructions for filing via email as a pro se litigant.

## The Clinic Can:

- Assist with amending complaints and responding to motions to dismiss;
- Represent litigants for settlement purposes and, in limited circumstances, for depositions;
- Assist with written discovery;
- Recruit pro bono counsel for depositions and trial; and
- Assist with oppositions to summary judgment.

***Clinic staff cannot assist with habeas cases or criminal matters.***

NYLAG may also be unable to assist if it determines, in its professional legal judgement, that (i) you have refused to cooperate with the Clinic's counsel or follow the Clinic's advice; (ii) any assistance would be unreasonably difficult for NYLAG to carry out; or (iii) your case is or will become frivolous, unreasonable, groundless, or without merit.

## Contacting the Clinic:

To contact the clinic and request a copy of our retainer, please call (212) 659-6190 and leave a message or write to us at the following address:

> NYLAG Legal Clinic for Pro Se Litigants
> Thurgood Marshall Federal Courthouse
> Room LL22
> 40 Foley Square
> New York, NY 10007

Please mail a signed retainer back to the clinic at the above address. Once the paperwork is received, clinic staff will contact you. It may take up to two weeks.

Disclaimer: The information contained herein is for informational purposes only and is not legal advice or a substitute for legal counsel, nor does it constitute advertising or a solicitation.



Revised 10/30/22

# NYLAG
## New York Legal Assistance Group

**LEGAL CLINIC FOR PRO SE LITIGANTS IN THE
SOUTHERN DISTRICT OF NEW YORK**

<u>LIMITED SCOPE LEGAL ASSISTANCE RETAINER AGREEMENT</u>

You retain the New York Legal Assistance Group (NYLAG) to provide you with limited scope legal assistance through its Legal Clinic for Pro Se Litigants in the Southern District of New York (Clinic) under the terms set forth below.

## I.  LIMITS OF ASSISTANCE

The Clinic agrees to provide only limited scope legal assistance in connection with your matter.

This means that:

- You remain a self-represented (pro se) litigant and are responsible for all aspects of your case. NYLAG is not your attorney of record in this matter. In the event that you are or become a party to a case in the Southern District of New York or any other forum, NYLAG will not enter an appearance or otherwise act on your behalf without expressly agreeing to do so and entering into a separate signed agreement with you. NYLAG has no obligation to enter into any such agreement.

- NYLAG has sole discretion to determine the specific type of services provided. These services may include providing advice and counsel about your case, explaining court orders and procedures, reviewing and commenting on your drafts, assisting with drafting, and discussing strategy.

- This retainer covers an initial consultation only. NYLAG can stop assisting you with this matter at any time for any reason consistent with the New York Rules of Professional Conduct.

- NYLAG has not agreed to represent or assist you on any other matter in the future.  If NYLAG does agree to any representation on another matter, then a separate signed retainer agreement will be necessary.

- You may request but are not guaranteed subsequent appointments. NYLAG will only provide assistance on subsequent appointments if it provides you with confirmation to you of such assistance, via email or otherwise, with such additional assistance governed by the terms of this agreement, including that the assistance is for that consultation only and that NYLAG has sole discretion to decide whether it will provide any additional future consultations. You are responsible for and must meet all deadlines in your case, regardless of whether you are able to have an appointment with the Clinic.

## II.  FREE ASSISTANCE, NON-ATTORNEY PROVIDERS, AND COMPETENCY

NYLAG does not charge for this assistance.  You may be assisted by law students and/or paralegals under the supervision of an attorney consistent with the Rules of Professional Responsibility.  NYLAG's assistance does not guarantee success or any particular outcome but that NYLAG will provide competent assistance.

### III. TERMINATION OF ASSISTANCE

Your participation is entirely voluntary, and you are free to stop receiving NYLAG's limited scope assistance at any time.  NYLAG may stop providing limited assistance at its sole discretion consistent with the New York Rules of Professional Conduct. If NYLAG chooses to stop providing limited assistance, it will provide notice by email, mail, or phone.

### IV. CONFIDENTIALITY

NYLAG will take all reasonable steps to maintain any information you provide as confidential.

### V.  REVIEW AND CONSENT

By signing and writing today's date below, you indicate that you: have read and understand this agreement; consent to the terms of this agreement; and understand the possible risks and benefits of proceeding with limited scope assistance.

If you have questions or concerns, please indicate on this form and someone will arrange to speak with you.


_____                    _____
Signature                                           Date




**Once you have completed this form, please mail it and the completed demographic form to the New York Legal Assistance Group, Pro Se Clinic, 40 Foley Square, LL22, New York, NY 10007.**

Revised 10/30/22

# NYLAG
**New York  Legal Assistance Group**

**Name** _____     **Date of Birth** _____

**Facility** _____

**Identification #** _____     **Email (if available)** _____

| How did you hear about our clinic? (Circle One) | | |
|---|---|---|
| Pro Se Intake Office | Order/Letter from the Judge | Conference/Hearing with the Judge |
| Pro Se Information Package | Website | Friend/Family |
| Other _____ | | |

**Ethnicity (Circle One)**

| | | |
|---|---|---|
| Asian/Pacific Islander | Hispanic | Caucasian |
| African American | Middle Eastern | Decline to Answer |
| African | Caribbean | |
| Native American | South Asian | |

**Education Level (Circle One)**

| | | |
|---|---|---|
| 8th Grade or Less | GED | 2-4 years of College/Vocational School |
| Some high school | College graduate | Decline to Answer |
| High school graduate | Graduate degree | |

**Gender:** _____

**SDNY Case Number:** _____

**Once you have completed this form, please mail it and the completed retainer to the New York Legal Assistance Group, Pro Se Clinic, 40 Foley Square, LL22, New York, NY 10007.**